**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIKS LOLAEV** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-5233** |
| | : | |
| **SECRETARYD DHS MARKWAYNE** | : | |
| **MULLIN, DHS DEPARTMETN OF** | : | |
| **HOMELAND SECURITY, TODD** | : | |
| **BLANCHE, EOIR EXECUTIVE** | : | |
| **OFFICE FOR IMMIGRATION** | : | |
| **REVIEW, J.L. JAMISON** | : | |

## ORDER

**AND NOW**, this 30th day of July 2026, upon considering an incarcerated man's Petition

for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center

Philadelphia after residing in the United States for several years and being detained without reason,

Respondents' Opposition (ECF 4) declining to meaningfully respond to the Petition and instead

incorporating arguments advanced in earlier cases, considering the uncontested allegations

regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger

to person or property or a flight risk, mindful the United States repeats the same arguments denied

by us and our colleagues from several earlier similar petitions, and finding, as we already found

and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1]

Respondents detain Petitioner in violation of the Constitution and the laws of the United States

and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens

such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis

(well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read

Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention

but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. §

1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Feliks Lolaev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. Respondents shall **forthwith** release Feliks Lolaev from federal government custody no later than **4:30 PM EST** on **July 30, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **10 AM EST** on **July 31, 2026**;

3. Respondents are temporarily enjoined from re-detaining Feliks Lolaev until no earlier than **August 14, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Lolaev with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4. Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Lolaev from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Lolaev is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Lolaev from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Lolaev; and,

5. The Clerk of Court **CLOSE** this case.

KEARNEY, J.

2

---

[1] The United States begins by acknowledging Mr. Lolaev's Petition raises an issue we and our colleagues have addressed in hundreds of earlier cases. ECF 6 at 1. But it will file an actual opposition only if we request one. *Id.* The United States concludes Mr. Lolaev remains an applicant "seeking admission" and requests denial. *Id.* at 1–2. The United States refers us to ours and our colleagues' earlier reasonings. *Id.* at 1 n.1.

[2] We are aware of the four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. The United States agrees the Department detained Mr. Lolaev under 8 U.S.C. § 1225(b)(2)(A) but does not describe which category Mr. Lolaev's case falls into. *Id.* at 2. We, like our colleagues, find the *Q. Li* analysis does not compel detention under the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2) as argued by the United States. *See, e.g., Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.).

The United States does not contest the facts asserted in Mr. Lolaev' habeas petition. Mr. Lolaev entered the United States around December 24, 2021. ECF 1 at ¶¶ 31 49. Mr. Lolaev's application for asylum remains pending. *Id.* at ¶ 50. Mr. Lolaev has no criminal history. *Id.* at ¶ 54.